IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **Encompass Indemnity Company a/s/o Jeremiah and Jennifer Brady,**<br><br>**Plaintiff(s),**<br><br>v.<br><br>**Jones Stephens Corp.**<br><br>**Defendant(s).** | **Civil Action No. 3:23-cv-00177**<br><br>**JURY DEMANDED** |

## ANSWER AND DEMAND FOR JURY

COMES NOW, the Defendant, Jones Stephens Corp., by and through the undersigned counsel, and, in Answer to Plaintiff's Complaint in this action, sets forth and assigns as follows:

## **PARTIES**

1. Admitted.

2. Admitted.

3. Admitted that Jones Stephens Corp. is a Corporation engaged in the sales or distribution of toilet supply lines. The remaining allegations contained in Paragraph 3 of Plaintiff's Complaint are Denied and Defendant demands strict proof thereof.

4. Proper service of Jones Stephens Corp. is Admitted.

## JURISDICTION

5. Admitted.

6. Admitted.

## FACTUAL BACKGROUND

7. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint. To the extent a response is required of this Defendant, all material averments contained in Paragraph 7 are Denied and Defendant demands strict proof thereof.

8. Defendant Denies all material averments contained in Paragraph 8 and demands strict proof thereof.

9. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint. To the extent a response is required of this Defendant, all material averments contained in Paragraph 9 are Denied and Defendant demands strict proof thereof.

10. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint. To the extent a response is required of this Defendant, all material averments contained in Paragraph 10 are Denied and Defendant demands strict proof thereof.

11. Defendant Denies all material averments contained in Paragraph 11 and demands strict proof thereof.

12. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint. To the extent a response is required of this Defendant, all material averments contained in Paragraph 12 are Denied and Defendant demands strict proof thereof.

## COUNT I

## CAUSE OF ACTION – PRODUCTS LIABILITY

Defendant adopts and incorporates the admissions and denials set forth above as if set forth fully herein.

13. Defendant Denies all material averments contained in Paragraph 13 of Plaintiff's Complaint and demands strict proof thereof.

14. Defendant Denies all material averments contained in Paragraph 14 of Plaintiff's Complaint and demands strict proof thereof.

15. Defendant Denies all material averments contained in Paragraph 15 of Plaintiff's Complaint and demands strict proof thereof.

16. Defendant Denies all material averments contained in Paragraph 16 of Plaintiff's Complaint and demands strict proof thereof.

## DAMAGES

Defendant adopts and incorporates the admissions and denials set forth above as if set forth fully herein.

17. Defendant Denies all material averments contained in Paragraph 17 of Plaintiff's Complaint and demands strict proof thereof.

18. Defendant Denies all material averments contained in Paragraph 18 of Plaintiff's Complaint and demands strict proof thereof.

19. Defendant Denies all material averments contained in Paragraph 19 of Plaintiff's Complaint and demands strict proof thereof.

20. Paragraph 20 of Plaintiff's Complaint does not require a response of this Defendant.

21. Defendant Denies Plaintiff is entitled to the relief sought in Paragraph 21 of Plaintiff's Complaint and demands strict proof thereof.

22. Defendant Denies Plaintiff is entitled to the relief sought in Paragraph 22 of Plaintiff's Complaint and demands strict proof thereof.

23. Defendant Denies Plaintiff is entitled to the relief sought in Paragraph 23 of Plaintiff's Complaint and demands strict proof thereof.

24. Defendant Denies Plaintiff is entitled to the relief sought in Paragraph 24 of Plaintiff's Complaint and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

This defendant denies each and every material averment not previously admitted hereinabove and demands strict proof thereof.

## Second Affirmative Defense

Any and all risks, hazards, defects and dangers alleged are of an open, obvious and apparent nature and were known or should have been known to the plaintiff herein, and the plaintiff willingly and voluntarily assumed all such risks, hazards, defects and dangers.

## Third Affirmative Defense

This defendant avers that plaintiff altered the product after it left defendant's control.

## Fourth Affirmative Defense

This defendant avers that plaintiff misused the subject product and that such misuse proximately caused any and all damages suffered by Plaintiff.

## Fifth Affirmative Defense

This defendant avers it did not design, specify, or manufacture the subject product and is not a manufacturer as is defined by the Tennessee Product's Liability Act.

## Sixth Affirmative Defense

This defendant avers it did not distribute or sell the subject product.

## Seventh Affirmative Defense

This defendant pleads the applicable statute of limitations as a defense.

### Eighth Affirmative Defense

This defendant denies the nature and extent of plaintiff's alleged injuries and demands strict proof thereof.

### Ninth Affirmative Defense

The complaint fails to state a claim upon which relief can be granted.

### Tenth Affirmative Defense

This defendant pleads the statute of repose contained in TCA § 29-28-103 as an affirmative defense.

### Eleventh Affirmative Defense

If the injuries and damages were sustained by the plaintiff at the time and place and in the manner alleged in the complaint, such damages and injuries are attributable, in whole or in part, to the comparative negligence/ fault of plaintiff, and if any damages are recoverable against defendant, the amount of such damages shall be diminished in proportion with the comparative negligence which caused the damages.

### Twelfth Affirmative Defense

If the injuries and damages were sustained by the plaintiff at the time and place and in the manner alleged in the complaint, such damages and injuries were attributable, in whole or in part, to the culpable conduct of plaintiff, and if any

damages are recoverable against defendant, the amount of such damages shall be diminished in proportion with the culpable conduct which caused the damages.

### Thirteenth Affirmative Defense

Upon information and belief, the injuries and damages alleged were caused by the culpable conduct of some third person or persons over whom defendant neither had nor exercised control.

### Fourteenth Affirmative Defense

Plaintiff has failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the plaintiff's complaint.

### Fifteenth Affirmative Defense

Defendant pleads that plaintiff failed to satisfy conditions precedent to the relief and damages requested in plaintiff's complaint.

### Sixteenth Affirmative Defense

The damages, if any, alleged in plaintiff's complaint were proximately caused by the abuse and/or unforeseeable misuse of the product referred to in the plaintiff's complaint, either by plaintiff or by others over whom defendant had no control.

### Seventeenth Affirmative Defense

Plaintiff and/or others over whom defendant had no control, modified, altered or changed the product referred to in plaintiff's complaint so that such proximately caused plaintiff's injuries, loss or damage, if any.

### Eighteenth Affirmative Defense

Plaintiff's alleged damages, if any, were caused in whole or in part by pre-existing condition of the property in question.

### Nineteenth Affirmative Defense

Defendant complied fully with all applicable standards of care with respect to the matters alleged in the plaintiff's complaint.

### Twentieth Affirmative Defense

In the event any other tortfeasors settle with the plaintiff as a result of the damages alleged in this action, defendant pleads that it is entitled to a credit in an amount equal to such settlement against any adverse award against Defendant at a trial of this action.

### Twenty-first Affirmative Defense

In the event that any breach of warranty is proven, plaintiff failed to give proper and prompt notice of any such breach of warranty to defendant.

### Twenty-second Affirmative Defense

This defendant reserves the right to amend this answer to add any defense which might be subsequently revealed through discovery or otherwise.

**WHEREFORE,** the Defendants, Jones Stephens Corp., prays that the Complaint be dismissed in its entirety with costs taxed to the Plaintiffs. In the event this matter proceeds to trial, Defendants request a trial by jury of all issues.

31097_00/23001/JMB-4887-2321-0085_1

Respectfully submitted,

CHAMBLISS, BAHNER & STOPHEL, P.C.

*/s/ James F. Exum*
By: James F. Exum, III, BPR# 025377
605 Chestnut St., Ste. 1700
Chattanooga, TN 37450
(423) 757-0233 (Office)
jfexum@chamblisslaw.com

Brandon T. Walker
ASB-2489-D50W
*(E.D. TN Application Pending)*
Hartman, Springfield & Walker, LLP
3138 Cahaba Heights Rd., Ste. 110
Vestavia Hills, AL 35243
(205) 879-0500
bwalker@hartmanspringfield.com
*Counsel for Defendant Jones Stephens Corp.*

# CERTIFICATE OF SERVICE

I hereby certify that, on the 19th day of May, 2023, I have served a copy of the above and foregoing on counsel for all parties by:

_____     Facsimile transmission to the following;

_____     Hand delivery to the following;

X     Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to the following:

X     Using the PACER system which will send notification of such to the following:

Courtney Cotter, Esq.
Cotter Law
624 Mountain Pass Ln.
Knoxville, TN 37923

*/s/ James F. Exum*
James F. Exum, III