UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

**Encompass Indemnity Company**
as subrogee of Jeremiah & Jennifer Brady

    *Plaintiff*                      **3:23-cv-177**

**v.**                               Jury Demanded

**Jones Stephens Corp.**
    *Defendant*

## Amended Complaint

Plaintiff Encompass Indemnity Company, as subrogee of Jeremiah and Jennifer Brady and with proper standing, brings this lawsuit timely against Defendant Jones Stephens Corp., and alleges the following:

### Parties

1. Plaintiff Encompass Indemnity Company is a Delaware corporation with a principal place of business in Northbrook, Illinois. Encompass-insureds Jeremiah and Jennifer Brady are believed to be Tennessee citizens.

2. Defendant Jones Stephens Corp. ("JStephens") is an Alabama corporation with its principal place of business in Moody, Alabama. This defendant has appeared.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this claim because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.[1]

4. This Court may exercise personal jurisdiction over the defendant because it resides, transacts business, or committed one or more of the acts that support this lawsuit, in Tennessee.

5. Venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred, and because the real property that is the subject of the action is, in Knoxville, Tennessee.[2]

---

[1] *See* 28 U.S.C. § 1332(a).

[2] *See* 28 U.S.C. § 1391(b)(2).

**Factual Allegations**

6.  On or about June 15, 2022 Jeremiah and Jennifer Brady owned the home at 12726 Clear Ridge Road in Knoxville, Tennessee.

7.  That day the plastic connector for a JStephens water supply line ("Connector") failed, causing a water leak ("Leak").

8.  These are photographs of the (failed) Connector after the loss:





9.  The Connector failed because it had been improperly designed, manufactured, and marketed—and because it was made of materials ill-suited for its application.

10. At the time of the Leak, the Bradys had a valid and enforceable property insurance policy with Encompass.

11. As required by that policy, Encompass paid for damage caused by the Leak.[3]

12. To the extent of its payments to the Bradys for the Leak damages, Encompass is legally and equitably subrogated to their rights and claims.[4]

**Claim for Products Liability**

13. The Connector is a tangible object or good produced.

14. The Connector is a "product," as that term is defined by section 29-28-102(5) of the Tennessee Code.

15. JStephens was the Connector "manufacturer," as that term is defined by section 29-28-102(4) of the Tennessee Code.

16. JStephens was also the apparent manufacturer of the Connector and all of its components.[5]

17. JStephens was also a Connector "seller," as that term is defined by section 29-28-102(7) of the Tennessee Code.

18. The Connector failed to perform in a manner reasonably expected given its nature and intended function when it failed and caused the Leak.

19. The Connector had not been misused after its sale.

20. The Connector was within its expected useful life at the time of the Leak.

21. The Leak was such that it would not have occurred without a defect or unreasonably dangerous condition within the Connector.

22. The Connector was unreasonably dangerous and defective in that it:

    a. was dangerous to an extent beyond what would be contemplated by the ordinary consumer who buys it, with the ordinary knowledge common to the community as

———

[3] *See Lakewood Eng'g and Mfg. Co. v. Quinn*, 604 A.2d 535, 539–40 (Md. App. 1992) ("In light of the adversarial relationship that generally exists between an insurer and a claimant-insured, an inference may properly be drawn that the amount of damage to which the insurer concedes is, at the very least, the lower boundary of the damage actually suffered.")

[4] "Subrogation allows the insurer to 'stand in the shoes' of the insured and assert the rights of the in-sured against a third party." *York v. Sevier Cnty. Ambulance Auth.*, 8 S.W.3d 616, 618–19 (Tenn. 1999).

[5] *See Travelers Indem. Company v. Industrial Paper & Packaging Corp*. No. 3:02-CV-491, 2006 WL 3864857, at *8 (E.D. Tenn. December 18, 2006).

to its characteristics; and

    **b.**  would not have been put on the market by a reasonably prudent manufacturer or seller, assuming that the manufacturer or seller knew of its dangerous condition.

**23.** That unreasonably dangerous condition and defect proximately caused the Leak and damage to the Brady home and personal property, violating the Tennessee Products Liability Act of 1978, Tenn. Code Ann. §§ 29-28-101 *et seq.*

**24.** JStephens is thus liable to the Bradys for the aforementioned damages caused by the Leak.

### Conditions Precedent

**25.** All conditions precedent to bringing this lawsuit have occurred, been performed, or been waived.

### Relief Requested

**26.** Encompass requests that it recover the $110,953.94 in damages caused by the defendant's actionable conduct, as well as pre- and post-judgment interest, court costs, and any other sums or relief this Court considers appropriate.[6]

### Plaintiff Demands a Trial by Jury

July 17, 2023
Knoxville, Tennessee

Respectfully submitted,

Quist, Fitzpatrick & Jarrard PLLC

By: /s/ *Michael A. Durr*
Michael A. Durr (TBA 26746)
800 South Gay Street, Suite 2121
Knoxville, Tennessee 37929
Direct: (865) 312-0440
Email: mdurr@qfjlaw.com
*Attorney for Plaintiff Encompass*

---

[6]   *See Scholz v. S.B. Int'l, Inc.*, 40 S.W.3d 78, 83 (Tenn. Ct. App. 2000) ("[F]airness will, in almost all cases, require that a successful plaintiff be fully compensated by the defendant for all losses caused by the defendant, including the loss of use of money the plaintiff should have received.")(reversing trial court's denial of prejudgment interest).

**Certificate of Service**

I hereby certify that on Monday, July 17, 2023 that I served this document by electronic mail to the following counsel of record through the following email addresses:

- Janes Exum
  jfexum@chamblisslaw.com

- Brandon Walker
  bwalker@hartmanspringfield.com

By: /s/ *Michael A. Durr*
Michael A. Durr