UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ENCOMPASS INDEMNITY COMPANY as subrogee of Jeremiah & Jennifer Brady, | ) ) ) | |
| PLAINTIFF, | ) ) ) | 3:23-CV-177 |
| V. | ) ) | JURY DEMANDED |
| JONES STEPHENS CORP., | ) ) ) | |
| DEFENDANT. | ) | |

**PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby orders that the following govern the disclosure of the information, documents, photographs, communications, electronic data, and other materials produced in discovery in this lawsuit ("discovery").

1. **Confidential Designation:** An entity may apply the designation "confidential" to discovery if it reasonably and in good faith determines that such discovery constitutes sensitive, nonpublic material, which if disclosed would cause a serious, defined harm to the producing party. Examples would include: sensitive trade secrets, technical practices, and methods or know-how of a compelling nature; present or future marketing plans; profit and loss data or projections; shareholder information; business strategy; financial data and projections; confidential agreements or relationships with third parties; and other materials or information that a producing party is under a preexisting legal obligation to a third party to treat as confidential. Despite the designation of discovery as confidential, it will not be considered such if the content or substance of it:

    1.1 is, when disclosed, in the public domain and is not otherwise protected from disclosure

as a result;

1.2   becomes at any time, through no act or failure to act on the part of the receiving party, part of the public domain;

1.3   loses, through no act or failure to act on the part of the receiving party, what would make its disclosure harmful to the producing party;

1.4   is already in possession of the receiving party when disclosed and was acquired other than from the producing party under conditions requiring the confidential treatment of the discovery; or

1.5   is made available to a party by a third party who obtained the same by legal means and with no obligation of confidence to the party claiming its confidential nature.

2.  **Exercise of Restraint and Care in Designating Discovery for Protection:** Each entity that designates discovery for protection under this Order must take care to limit any such designation to specific material that qualifies for protection. If it is practical to do so, the producing party must designate for protection only those parts of discovery that qualify—so that other portions of the discovery for which protection is unwarranted are not swept unjustifiably under this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the producing party to sanctions. If it comes to a producing party's attention that information or items that it designated for protection do not qualify for protection (or do not qualify for the level of protection first asserted), that producing party must promptly notify all other parties that it is withdrawing the designation.

3. **Designating Protected Discovery:** To designate and categorize discovery as "confidential" and subject to the protections of this Order, the producing party must stamp "CONFIDENTIAL" on each page of such discovery. If only a portion or portions of the material on a page qualifies for protection, the producing party also must identify the protected portion(s) (e.g., by making appropriate markings in the margins). This labeling will bring that discovery under the protections of this Order.

   3.1 Data produced that has not been reduced to paper form may be designated confidential by labeling the media containing such information with the appropriate designations. If possible (as dictated by the media), any such designation may also be in the metadata for each electronic document or another discrete piece of electronic information. If that media is so labeled, the information in/on that media will be considered to bear that designation.

   3.2 An entity that makes original discovery available for inspection need not designate it for protection until after the inspecting party has shown which material it would like copied and produced. During the inspection and before the designation, all of the discovery made available for inspection is confidential. After the inspecting party has identified the discovery it wants to be copied and produced, the producing party must determine which discovery, or portions of it, qualify for protection under this Order. Then, before producing the specified discovery, the producing party must affix the appropriate stamp to each page that contains confidential information. If only a portion or portions of the material on a page qualifies for protection, the producing party also must identify the protected portion(s) (e.g., by making appropriate markings in the margins).

   3.3 Testimony or other material disclosed or to be disclosed at any deposition in this lawsuit

may be designated and categorized as confidential under this Order by notifying all parties or their counsel in writing of such designation before the deposition or by making such a designation, in writing to all parties or their counsel, within 21 days after the last day of the deposition. Any such designation must comply with this Order.

**3.4** Transcripts containing confidential discovery will have a clear legend on the title page that the transcript contains confidential discovery, and the title page must be followed by a list of all pages (including line numbers as appropriate) that have been designated confidential. The designating party must inform the court reporter of these requirements. Any transcript prepared before the expiration of a 21-day period for designation must be treated during that period as if it had been designated confidential in its entirety unless otherwise agreed. After the expiration of that period, the transcript will be treated only as designated.

**3.5** Should a question asked at a deposition be reasonably calculated to reveal confidential information, the witness shall still answer the questions fully. But before answering, all present will be advised of and must agree to the terms of this Order and, at the request of the producing party, all persons, other than the witness and the witness's counsel, who are not allowed to obtain such information under this Order must leave the room while the confidential information is disclosed.

**4. Production by Non-Parties:** Should a party have to produce a nonparty's confidential discovery in its possession, and the party is subject to an agreement with the nonparty not to produce the nonparty's confidential discovery, then the party must:

**4.1** promptly notify in writing the requesting party and the nonparty that some or all of the discovery requested is subject to a confidentiality agreement with a nonparty;

**4.2** promptly provide the nonparty with a copy of this Order here, the relevant discovery request(s), and a reasonably specific description of the discovery requested; and

**4.3** make the discovery requested available for inspection by the nonparty.

**4.4** If the nonparty fails to object within 14 days of receiving the notice and accompanying discovery, the receiving party may produce the nonparty's confidential discovery responsive to the discovery request. If the nonparty objects, the receiving party must not produce any information in its possession or control that is subject to the confidentiality agreement with the nonparty before a determination by the Court. Without a Court order to the contrary, the nonparty must bear the burden and expense of seeking protection in this Court of its protected material.

5. **Access to Confidential Discovery:** Designated confidential discovery under this Order may be disclosed only to these persons, and must not be distributed or otherwise shared:

   **5.1** attorneys from any law firm for any named party to this lawsuit, in-house counsel for any named party to this lawsuit;

   **5.2** the parties themselves;

   **5.3** secretarial, clerical, and legal assistants working under the supervision of the aforementioned attorneys;

   **5.4** outside contractors hired by any of persons designated above to copy, index, sort, or otherwise manage the storage and retrieval of discovery as long as such outside contractors have agreed to keep any documents or other information they have access to confidential;

   **5.5** independent consultants and experts, if disclosure is in good-faith necessary and

provided that such consultants and experts have signed the form attached as Exhibit A;

**5.6** any other person during depositions in this lawsuit or oral or written examinations as long as any such person was, when the document was prepared, a director, officer, or employee of the producing party, except that any such document or information must not be left in the possession of the deponent;

**5.7** court reporters and videographers who record or transcribe deposition or other testimony in this lawsuit;

**5.8** third-party mediators selected by the parties provided that such mediators have agreed to keep any documents or other information they have access to confidential; and

**5.9** the Court and its staff.

**6. Restrictions on Use:** A receiving party may use confidential discovery that is disclosed or produced by another entity in connection with this case only for prosecuting, evaluating, defending, or trying to settle this litigation or other substantially similar claims or litigation. Despite this limitation, nothing here will prohibit:

**6.1** an entity from disclosing confidential discovery to any person that the discovery directly or indirectly identifies as an author, addressee, or carbon copy recipient of such discovery;

**6.2** counsel from disclosing discovery produced by a party to current employees and officers of the producing party;

**6.3** the identification of the confidential discovery and its general subject matter (without revealing its confidential contents) to establish the existence of such discovery; or

**6.4** a party from using its own confidential discovery in any way it sees fit, or from revealing

such confidential discovery to whomever it chooses.

**6.5** Furthermore, regardless of designation, if a document or testimony refers to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than what refers to such conduct or statement, and such discussion will not constitute a disclosure that violates this Order.

7. **Filing Under Seal:** Discovery protected by this Order must be filed under seal in accordance with this Court's Memorandum and Order Regarding Sealing Confidential Information [Doc. 10].

8. **Inadvertent Failure to Designate:** If a party discovers that confidential discovery has been inadvertently produced without the appropriate designation or protections required by this Order, the producing party may later notify the party receiving such discovery under this Order and require the latter to retrieve and return any unmarked material and to substitute for that appropriately marked material, provided (i) the producing party has at first taken reasonable measures to identify and designate the subject material, and (ii) the producing party notifies the receiving party promptly after learning of such inadvertent failure to designate. Upon receipt of such written notification from the producing party, the receiving party must not after that disclose any such material or any information contained except as provided for in this Order.

9. **Inadvertent Production to Third Party:** Should an inadvertent disclosure of confidential discovery to a third party occur, the party making the inadvertent disclosure must upon learning of it:

**9.1** promptly notify the party to whom the disclosure was inadvertently made that it contains confidential discovery subject to this Order;

**9.2** promptly make all reasonable efforts to recover the discovery as well as preclude further dissemination or use by the entity to whom disclosure was inadvertently made; and

**9.3** within ten days, notify the producing party of the identity of the entity to whom disclosure was inadvertently made, the circumstances of disclosure, and the steps taken to recover the information and the steps taken to insure against the further dissemination or use of the discovery.

10. **Challenge to Confidential Designation:** An entity may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, an entity does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    **10.1** The challenging party must initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.

    **10.2** The parties must attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within seven days of the date of service of notice. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A

challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the designating party is unwilling to participate in the meet-and-confer process promptly.

**10.3** If the parties cannot resolve a challenge without court intervention, the designating party must file and serve a motion to retain confidentiality within 14 days of the initial notice of challenge or within seven days of the parties agreeing that the meet-and-confer process will not resolve their dispute, whichever is earlier. Each such motion must come with a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph.

**10.4** Failure by the designating party to make such a motion including the required declaration within 14 days (or seven days, if applicable) will automatically waive the confidentiality designation for each challenged designation.

**10.5** Also, the challenging party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions of it. Any motion brought through this provision must come with a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed by the preceding paragraph.

**10.6** In any challenge to the designation of discovery as confidential under this Order, the party asserting that designation bears the applicable burden of proof.

**11. Other Litigation:** By entering this Order and limiting the disclosure of information here, the Court does not intend to impair another court in any way from finding that discovery is subject to disclosure in another case.

12. **Third-Party Requests:** Any person or party subject to this Order who receives a written request, subpoena, or court order seeking disclosure of confidential discovery, such person must promptly (no more than ten days after receipt) notify counsel for the producing party of the request, subpoena, or court order and must provide a copy of same.

13. **Duty to Maintain:** The recipient of confidential discovery provided under this Order must maintain such discovery in a secure and safe area and must exercise the same standard of due and proper care on the storage, custody, use and dissemination of such information as exercised by the recipient on its own proprietary information.

14. **Return of Confidential Discovery:** Within 60 days after the final termination of this lawsuit, including any appeals, those in possession of confidential discovery must return it to the producing party or destroy it and all copies of it. This paragraph will not require the return or destruction of discovery filed in this Court, any regularly maintained litigation files held by the attorneys for each party as archival records, or other attorney work-product created for any party. Any confidential discovery not destroyed or returned must remain subject to the terms of this Order.

15. **Survival of Order:** To the extent authorized by law, this Order survives the termination of this lawsuit, and this Court or any court of competent jurisdiction may exercise jurisdiction over this Order. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order remains in effect until the producing party agrees otherwise in writing or a court order otherwise directs. Final disposition is to be the later of (i) dismissal of all claims and defenses here, with or without prejudice and final judgment here after the completion, and (ii) exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time

under applicable law.

16. **Remedies for Breach:** A violation of this Order may be considered an act of contempt of this Court, subject to a determination by this Court that the requirements for such findings are satisfied.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

**Encompass Indemnity Company**
as subrogee of Jeremiah & Jennifer Brady,

    Plaintiff,

v.

**3:23-cv-177**
Jury Demanded

**Jones Stephens Corp.**,

    Defendant.

### Exhibit A to Protective Order

I hereby acknowledge that I have read the Protective Order entered by the Court in this lawsuit, that I am one of the persons contemplated as authorized to receive confidential discovery and that I fully understand and agree to abide by the obligations and conditions of the Protective Order. I agree to maintain any confidential discovery I receive in a separate and identifiable file, access to which is appropriately restricted. I hereby submit to the jurisdiction of this Court only for enforcing said Protective Order, and this Exhibit, by contempt proceedings or other appropriate judicial remedies.

_____    _____
Signature    Printed Name

_____    _____
Title or Position    Employer

_____
Street Address